BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
DANIEL E. YOSEF (State Bar No. 322717)
dey@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
RENEW FINANCIAL GROUP, LLC; and
RENEW FINANCIAL HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH PEREZ,<br><br>              Plaintiff,<br><br>       vs.<br><br>PACE FUNDING GROUP, LLC; RENEW FINANCIAL, LLC; RENEW FINANCIAL GROUP, LLC; and RENEW FINANCIAL HOLDINGS, INC.,<br><br>              Defendants. | Case No. 4:20-cv-04132-SBA<br><br>Hon. Saundra Brown Armstrong<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Renew Financial Group, LLC; and Renew Financial Holdings, Inc. (collectively "Renew") admits and denies the allegations set forth in plaintiff Debroah Perez's ("Perez" or "Plaintiff") first amended complaint ("Complaint") as follows:

**INTRODUCTION**

1.    Admit.

2.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

3.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

4.    Renew admits that PACE programs are generally authorized, regulated, and administered at a municipal level and that PACE financing results in a voluntary tax assessment. The remaining allegations are too broadly stated and ambiguous to be subject to admission.  To the extent a response is required, Renew denies the allegation.

5.    Deny.

6.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

7.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

8.    Deny.

9.    Deny.

10.    Renew admits that PACE financing results in a voluntary tax assessment.  The remaining allegations are too broadly stated and ambiguous to be subject to admission.  To the extent a response is required, Renew denies the allegation.

11.    Admit the Agreement to Pay Assessment creates a lien that attaches to the homeowner's property.  The remaining allegations calls for a legal conclusion to which Renew has no duty to either admit or deny. To the extent a response is required, Renew denies the allegation.

12.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

13. Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

14. Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

15. Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

16. Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

17. Deny.

18. Deny.

19. Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

20. Admit the Agreement to Pay Assessment creates a lien that attaches to the homeowner's property. Except as expressly admitted, Renew denies each and every remaining allegation of this paragraph.

21. Deny.

22. This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny. To the extent a response is required, Renew denies the allegation.

23. Renew denies it engaged in fraudulent and abusive conduct. As to the remaining allegations do not constitute factual allegations alleged against Renew and, as a result, Renew is not required to answer the allegations set forth. To the extent a response is required Renew denies the allegations.

24. The allegations do not constitute factual allegations alleged against Renew and, as a result, Renew is not required to answer the allegations set forth. To the extent a response is required Renew denies the allegations.

25. The allegations do not constitute factual allegations alleged against Renew and, as a result, Renew is not required to answer the allegations set forth. To the extent a response is required Renew denies the allegations.

26.     Admit as to Renew. As to the remaining defendants, Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

27.     Deny.

## JURISDICTION AND VENUE

28.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

29.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

30.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

31.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

32.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  Renew does not challenge venue.

## PARTIES & DEFINITIONS

33.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

34.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

35.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

36.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

37.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

38.     Admit.

39.     Deny. Renew Financial Group, LLC is a limited liability company doing business in Oakland, California. The remaining allegations call for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

40.     The allegations call for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

41.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

42.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

## FACTUAL ALLEGATIONS

43.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

44.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

45.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation

46.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation

47.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation

48.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

49.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

50.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

51.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

1      52.     Renew has insufficient information to either admit or deny this allegation and on

2   that basis denies the allegation.

3      53.     Renew has insufficient information to either admit or deny this allegation and on

4   that basis denies the allegation

5      54.     Renew has insufficient information to either admit or deny this allegation and on

6   that basis denies the allegation.

7      55.     Renew has insufficient information to either admit or deny this allegation and on

8   that basis denies the allegation.

9      56.     Renew has insufficient information to either admit or deny this allegation and on

10   that basis denies the allegation.

11      57.     Renew has insufficient information to either admit or deny this allegation and on

12   that basis denies the allegation.

13      58.     Renew has insufficient information to either admit or deny this allegation and on

14   that basis denies the allegation.

15      59.     Renew has insufficient information to either admit or deny this allegation and on

16   that basis denies the allegation.

17      60.     Renew has insufficient information to either admit or deny this allegation and on

18   that basis denies the allegation.

19      61.     Renew has insufficient information to either admit or deny this allegation and on

20   that basis denies the allegation.

21      62.     Renew has insufficient information to either admit or deny this allegation and on

22   that basis denies the allegation.

23      63.     Renew has insufficient information to either admit or deny this allegation and on

24   that basis denies the allegation.

25      64.     Renew has insufficient information to either admit or deny this allegation and on

26   that basis denies the allegation.

27      65.     Renew has insufficient information to either admit or deny this allegation and on

28   that basis denies the allegation.

66.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

67.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

68.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

69.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

70.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

71.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

72.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

73.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

74.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

75.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

76.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

77.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

78.      This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

79.      Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

80.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

81.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

82.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

83.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

84.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

85.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

86.    Deny

87.    Deny

88.    Deny

89.    The allegations are too broadly stated and ambiguous to be subject to admission. To the extent a response is required, Renew denies the allegation.

90.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

## FIRST I

### (Violations of the Truth in Lending Act 15 U.S.C. § 1601 et seq.)

91.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

92.    No response is required to this paragraph.

93.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

94.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

95.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

96.     The allegations are too broadly stated and ambiguous to be subject to admission. To the extent a response is required, Renew denies the allegation.

97.     This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

98.     Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

99.     This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

100.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

101.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

102.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

103.    The allegations are too broadly stated and ambiguous to be subject to admission. To the extent a response is required, Renew denies the allegation.

104.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

105.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

106.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

107.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

108.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

109.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

110.    Deny.

111.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

112.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

113.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

114.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

115.    Deny.

116.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

117.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

118.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

## <u>SECOND II</u>

### (Violations of the Home Ownership Equity Protection Act 15 U.S.C. § 1639)

119.    No response is required to this paragraph.

120.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

121.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

122.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

123.   Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

124.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

125.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

126.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

127.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

128.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

129.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

130.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

## **THIRD III**

**(Violations of the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code §§ 1788-1788.32)**

131.   No response is required to this paragraph.

132.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

133.   This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

134.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

135.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

136.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

137.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

138.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

<u>**Fourth IV**</u>

**(Violations of the Consumer Legal Remedies Act Cal. Civ. Code §§ 1750 et seq)**

139.    No response is required to this paragraph.

140.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

141.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

142.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

143.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

144.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

145.    This allegation is too broadly stated and ambiguous to be subject to admission.  To an extent an answer is required, Renew denies the allegation.

146.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

147.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

148.    Deny.

149.    Deny.

150.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

151.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

152.    Deny.

153.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation..

154.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

155.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

156.    Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

157.    Deny.

158.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

**Fifth V**

**(Violations of California's Unfair Competition Law, Business and Professions Code § 17200 et seq.)**

159.    No response is required to this paragraph.

160.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

161.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

162.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

163.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

164.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

165.    Deny.

166.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

167.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

168.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

169.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

170.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

171.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

172.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

173.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

174.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

175.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

### **Sixth VI**

### **(Fraud)**

176.    No response is required to this paragraph.

177.    This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

178.   Deny.

179.   Deny.

180.   Renew has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

181.   Deny.

### SEVENTH VII

**(Financial Abuse of a Dependent Adult Cal. Welfare & Institutions Code § 15610 et seq.)**

182.   No response is required to this paragraph.

183.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

184.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

185.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

186.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

187.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

188.   This allegation calls for a legal conclusion to which Renew has no duty to either admit or deny.  To the extent a response is required, Renew denies the allegation.

189.   Deny.

190.   Deny.

### PRAYER FOR RELIEF

In response to the relief requested in the Prayer for Relief, Renew denies that Plaintiff is entitled to the requested relief for the reasons set forth in this answer, and denies that Plaintiff is entitled to any relief whatsoever.  As separate and distinct affirmative defenses to the Complaint and to each allegation contained therein, Renew hereby alleges the following:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Renew.

**SECOND AFFIRMATIVE DEFENSE**

**(Set Off)**

Perez's claims for relief are barred or limited by the doctrine of setoff.

**THIRD AFFIRMATIVE DEFENSE**

**(Offset)**

Perez's claims for relief are barred or limited by the doctrine of offset.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Perez, by virtue of her own acts and/or the acts or omissions of others chargeable to him, is estopped from obtaining relief sought from Renew.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint should be barred due to the unclean hands of Perez, by virtue of her own acts and/or the acts or omissions of others chargeable to her.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations and Repose)**

The claims made in the complaint are barred as outside of the statute of limitations and/or the statute of repose for each claim.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Renew alleges that the proximate cause or causes of Perez's alleged injuries and damages, if any, were wholly or in part the fault of Perez and/or of others for whose conduct Renew are not responsible, and said fault comparatively reduces the percentage of fault, if any, of Renew.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Agency)

To the extent that the loss, injuries and damage alleged by Perez, if any there were, were caused by the alleged agents of Renew, a relationship which Renew denies, said agents, if any, exceeded the scope of their alleged agency and acted without the knowledge, consent or authorization of Renew, and Renew is therefore not liable for said agents' actions and/or omissions.

### NINTH AFFIRMATIVE DEFENSE

#### (Compliance with Governing Law)

Renew's compliance with the statutes, rules, regulations, and contractual obligations which govern the subject matter of this lawsuit precludes any alleged liability to Perez.

### TENTH AFFIRMATIVE DEFENSE

#### (Bona Fide Error)

Perez's complaint and each claim for relief therein are precluded because Perez's damages, if any exist, resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Damages Speculative)

The damages sought by Perez are speculative, and recovery by Perez is therefore barred in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Laches)

Perez is barred from recovery by the doctrine of laches because she knew of the purported acts or omissions.  Perez was fully aware of her rights against Renew (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights, to the prejudice of Renew.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Superseding and Intervening Causes)

Perez may not recover against Renew because Perez's purported damages were the proximate result of superseding and intervening causes unrelated to any act by Renew.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Action/Negligence of Third Parties)

Renew is not responsible for the damages, if any, suffered by Perez, and some other party, entity, or individual(s) is/are liable and responsible for any and all damages, if any, suffered by Perez.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Tender)

Perez has not tendered any amounts received by virtue of the subject financing and assessment contract, notwithstanding Renew's equitable right to such tender, in order to seek equitable relief.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

Renew currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Renew expressly reserves their right to assert additional affirmative defenses in the event that discovery indicates other affirmative defenses would be appropriate.

### RENEW'S PRAYER FOR RELIEF

WHEREFORE, Renew prays as follows:

1.     That Perez takes nothing by reason of the complaint;

2.     For judgment in Renew's favor and dismissal of the action with prejudice;

3.     For attorneys' fees against Perez;

4.     For costs of suit; and

For such other relief that the Court deems just and proper.

1

DATED:  December 23, 2020

SEVERSON & WERSON
A Professional Corporation

2

3

By:   _____
              */s/ Daniel E. Yosef*
              DANIEL E. YOSEF

4

5

Attorneys for Defendants
RENEW FINANCIAL GROUP, LLC and
RENEW FINANCIAL HOLDINGS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT